[No. 5875.]

## Church et al. v. Hendrie & Bolthoff Manufacturing & Supply Company.

Pleading—Answer—Things presumptively within the knowledge of the defendant cannot be answered by the averment that defendant has not, and cannot obtain knowledge or information sufficient to base a belief, e. g., in an action against the directors of a corporation, for a corporate indebtedness, the corporate capacity, the sale and delivery to it, at request, of goods, its promise to pay therefor, demand and refusal. Such an answer tenders no issue, and the plaintiff is entitled to judgment.—(545)

*Appeal from Denver County Court*—Hon. John I. Mullins, Judge.

Mr. F. A. Williams, for appellant.

Mr. Ernest Morris, and Mr. William W. Grant, for appellee.

Chief Justice Steele delivered the opinion of the court:

The action was brought to recover the amount due from the corporation of which the defendants were directors, and is based upon the failure of the directors to file the annual statement required by the statute. The answer contains the following:

(1) "As to whether the matters set forth in paragraphs 2, 5 and 6, or any of them, are true, defendants have not and cannot obtain sufficient knowledge or information upon which to base a belief."

The motion of the plaintiffs for judgment upon the pleadings upon the ground, among others, that the answer admitted the allegations of the complaint, was granted, and judgment was thereupon rendered. The defendants have appealed.

In the brief of the appellants it is stated that "The only issue tendered, which will be here urged, was a statutory denial that the goods, wares and

·merchandise were sold and delivered by appellee to appellants.'' This removes from our consideration all questions save that of determining whether the first paragraph of the answer does or does not tender an issue.   In the second paragraph of the complaint it is alleged that The Western Realty and Paving Company is a corporation organized and existing under and by virtue of the laws of Colorado.   The fifth paragraph of the complaint contains the averment that between the first of October and the 17th of November, 1904, the plaintiff sold and delivered to The Western Realty and Paving Company, at its special instance and request, certain goods, wares and merchandise of the value of $127.90 (an itemized account of which is attached to, and made a part of the complaint), and that the said company agreed to pay for the same upon the dates of the delivery of the goods.   The sixth paragraph of the complaint avers a demand upon the company, and the defendants, for the payment of the amount, and their refusal.

The matters contained in these paragraphs are those which the defendant sought to traverse in the form prescribed by the Code, but the defendants, being officers of the corporation, cannot be heard to say that they ''have not and cannot obtain a sufficient knowledge or information upon which to base a belief'' with respect thereto because such matters are ·presumptively within their knowledge.   Such a denial tenders no issue and is an admission that the allegations stated the truth.—*Fravert v. Fesler,* 11 Col. App. 387.

The answer not having tendered an issue, judgment upon the pleadings was properly granted.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE WHITE concur.

(35)

Mr. JUSTICE GABBERT specially concurring:

The Code, sec. 56, authorizes a denial in the form adopted by the defendants, but it will not be permitted when it is apparent that the parties seeking to take advantage of its provisions can obtain information with respect to the issues tendered which they attempt to put in issue in that form. The defendants were directors of the corporation to which it was alleged goods, wares and merchandise were sold by plaintiff. Sustaining this relation, it will be presumed (until the contrary appears), that they could have obtained information which would have enabled them to either deny or admit the averments of the complaint to which their answer, following the formulæ of the Code, was directed. The paragraph of the answer under consideration was, therefore, clearly insufficient. Conceding, but not deciding, that the question of its sufficiency should have been raised by demurrer instead of by motion for judgment, the defendants cannot successfully complain. They did not ask to amend their answer, hence they will not be heard to complain of an irregular method of procedure which did not injuriously affect their rights.

For these reasons I concur in the judgment of affirmance, without expressing any opinion on the statement of the chief justice, to the effect that the denial was an admission that the allegations of the complaint to which it was directed were true.

Opinion filed March 7, A. D. 1910; rehearing denied April 4, A. D. 1910.